therefore hold that the right to the relief sought by this petition was not impaired by the giving of the stipulation that was given in the action in rem.

But a second ground of exception to this petition is presented for consideration, namely, that the petition is too late and cannot now be entertained, inasmuch as it appears upon the face of the petition that, prior to its being filed, the action in rem sought to be restrained had proceeded to a final decree after a hearing upon the merits. This objection I believe to be well taken. It is true that the general admiralty rules under which the petition is filed do not contain any express limitation of the time within which the proceedings authorized thereby may be taken. Nevertheless some limitation is clearly implied. Thus it is quite manifest that it was intended that the petition should be filed before the action sought to be restrained should have been taken by appeal from the district to the circuit court, and I think it may be inferred that it was the intention that the proceeding should be instituted before a final decree upon the merits, after hearing upon pleadings and proofs in such action. It will be observed that the rules permit the question of liability to be raised by the petition, and to be tried in the proceedings taken thereon. So this petition contains a full statement of the circumstances attending the collision in question, and seeks a determination of the question of negligence as preliminary to a resort to the stipulation tendered, and I am invited to consider anew the evidence in respect to the collision in question, and to say over again whether I find the steamer in fault. But it could never have been intended to permit a second trial of the question of liability. The permission given to present that question in the petition therefore shows that the right to resort to proceedings by petition must be exercised, if at all, before a trial upon the question of liability has been had in the action sought to be restrained, while the libel is in esse and before the demand has passed into the form of a final decree.

Whether any other limitation can be derived from the language of the rules or that of the limited liability act, it is not now necessary to consider.

My conclusion therefore is that inasmuch as it appears, by the petition under consideration, that prior to the filing thereof a hearing upon the merits had been had in the action sought to be restrained, and that the rights of the libellants had become fixed so far as this court is concerned by the final decree of this court entered in such action, it is now too late to resort to this proceeding.

There will therefore be a decree entered herein, dismissing the petition, but without costs.

[NOTE. On appeal to the circuit court, this decree was affirmed. Case unreported. An appeal was then taken to the supreme court, where the decree of the circuit court was reversed, and the record remanded, with directions to enter a decree reversing the decree of the district court, and giving directions for further proceedings. 103 U. S. 239. The cause was again before the supreme court on motions to modify judgment and mandate. The order of the court was modified so far as it contained directions to the circuit court to enter a decree reversing the decree of the district court, and giving directions for further proceedings. It was further ordered that each party pay their own costs on these motions. 103 U. S. 247.]

## Case No. 10,201.

### NEW YORK BALANCE DRY DOCK CO. v. HOWES et al.

[Affirming Case No. 10,202. Nowhere reported; opinion not now accessible.]

## Case No. 10,202.

### NEW YORK BALANCE DRY DOCK CO. v. HOWES et al.

### HOWES et al. v. NEW YORK BALANCE DRY DOCK CO.

[9 Ben. 232.] [1]

District Court, E. D. New York. Oct., 1877. [2]

#### DOCKAGE—CONTRACT—PERFORMANCE.

1. A dry-dock company contracted to raise and dock a vessel for $150; but on beginning the work a bulkhead of the dock burst, and the vessel had to wait till the dock was repaired. The vessel was then successfully raised, and her repairs completed. The company asked $250, as on a new contract, and brought suit. The owners of the vessel also brought an action, claiming damages of the dock company for delay in performance of the contract to raise the vessel. Held, that the dry-dock company could only recover $150, the amount originally named, as it appeared that no new contract had been made, nor had the old contract been abandoned.

[Cited in Norwich & N. Y. Transp. Co. v. New York Balance Dock Co., 22 Fed. 674.]

2. The owners of the vessel could not recover for delay. The breaking of the dock was a temporary destruction of the thing in reference to which the contract was made, and furnished a legal excuse for the delay, unless it appear that the obstruction was allowed to continue an unreasonable time or that the breaking was caused by negligence.

In admiralty.

Owen & Gray, for Dock Co.
Taylor & Fowler, for Howes et al.

BENEDICT, District Judge. These two actions have been tried together. The facts out of which they arose are as follows: Prior to May 2d, 1877, an agreement was made between the New York Balance Dry Dock Company and the owners of the steamer Erickson, whereby the dock company agreed, for a consideration of $150, to raise the steamer Erickson upon their dock for the purpose of enabling her there to receive some repairs. On the morning of the 2d of May the raising of the steamer upon the dock

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court. Case unreported.]